**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RADAR INDUSTRIES, INC.,

       Plaintiff,

                                    Case No. 08-12338

v.                                    Hon. Lawrence P. Zatkoff

CLEVELAND DIE &
MANUFACTURING COMPANY and
CLEVELAND DIE OF MEXICO,

       Defendants.

_____/

**OPINION AND ORDER**

AT A SESSION of said Court, held in the United States Courthouse,
in the City of Port Huron, State of Michigan, on June 11, 2009

PRESENT: THE HONORABLE LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

**I. INTRODUCTION**

This matter comes before the Court on Defendants' motion for summary judgment re: laches [dkt 17], motion for partial summary judgment (Counts IV–VI) [dkt 18], and motion for partial summary judgment on Counts II and V [dkt 19]. The parties have fully briefed the motions. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For the reasons set forth below, Defendants' motion for summary judgment re: laches [dkt 17] is DENIED; Defendants' motion for partial summary judgment (Counts IV–VI) [dkt 18] is GRANTED; and Defendants' motion for partial summary judgment on Counts II and V [dkt 19] is DENIED.

Also before the Court are Defendants' "Notice of Objection to Zmyslowski Declaration and Degrazia Affidavit" [dkt 31], which the Court construes as a motion to strike, and Plaintiff's motion to strike [dkt 33]. The parties have fully briefed Defendants' "Notice," and the time period within which Plaintiff may file a reply brief in support of its motion to strike has lapsed. The Court finds that the facts and legal arguments are adequately presented in the parties' papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motions be resolved on the briefs submitted. For reasons set forth below, the Court DENIES both motions without costs or fees to either party.

## II. BACKGROUND

In 1993, Plaintiff's employees developed an improved version of a device known as a "clevis link," which is used in a variety of manufacturing capacities. In that same year, Plaintiff's current Vice President and owner, Mark Zmyslowski, filed an application with the United States Patent and Trademark Office ("PTO") to protect their version of the clevis link. Plaintiff's link differed from prior models because it could be produced from stamped sheet metal, resulting in a more economical and lightweight link.

Before receiving a decision on its pending patent, Plaintiff offered its clevis link, as well as the link's "mating mechanism," to a company called Standard Products of Canada. Standard Products informed Plaintiff that it wanted a company named Tool Producers to produce and supply the clevis link. The companies ultimately entered into an arrangement whereby Plaintiff granted Standard Products a "Right to Have Made" the clevis links in exchange for Standard Products' assurance that if Tool Producers ever stopped manufacturing the links, Plaintiff would be offered the first opportunity to replace Tool Producers. On or around April 14, 1994, Tool Producers began

2

providing Standard Products with the accused clevis links while Plaintiff produced and provided the clevis link's mating mechanism to Standard Products.

On July 25, 1995, the PTO issued to Plaintiff patent number 5,435,661 ("'661 Patent"), entitled "Clevis Link."  On January 4, 1997, the PTO issued to Plaintiff patent number 5,559,810 ("'810 Patent"), which was also entitled "Clevis Link."  The '810 Patent related back to the '661 Patent, thereby giving it an effective date of July 25, 1995.  Both the '661 Patent and the '810 Patent are apparently part of a "patent family" that includes United States Patent No. 5,533,328 ("'328 Patent"), which was filed on February 16, 1993.  At some point in the present litigation, it was discovered that the '810 Patent only reflects an association with the '661 Patent and does not reflect any association with the '328 Patent.  Plaintiff has filed a certificate of corrections with the PTO to reflect the '810 Patent's relationship with the '328 Patent.  If the certificate of corrections is granted, the '810 Patent will not only reflect its association with the '328 Patent, but it will also amend the patent's effective date from July 25, 1995, to February 16, 1993.  Plaintiff remains the owner of both the '661 Patent and the '810 Patent, including the right to sue for past, present, and future infringements of the patents.  The '810 Patent expired on February 9, 2009, but Plaintiff filed a petition for revival of unintentionally abandoned application with the PTO on February 18, 2009.

On March 30, 1996, Standard Products wrote a letter to Tool Producers in which Standard Products compared the clevis link that Tool Producers was manufacturing to the clevis link described in Plaintiff's patents.  The letter concluded that "although [Plaintiff] does have a valid patent for their clevis none of their claims apply to the Tool Producers part.  There is actually very little in common between the 2 parts with the exception of the intended function."  A copy of this letter was allegedly sent to one of Plaintiff's representatives, but Plaintiff denies ever receiving it.

3

Although Defendants apparently possessed this letter in their records, they claim to have "discovered" the letter for the first time during the present litigation.

In June 2001, Defendant Cleveland Die[1] purchased assets of Tool Producers from National City Bank, who had foreclosed on its security interests in Tool Producers. The following year, Defendants began selling clevis links to the successor company of Standard Products—Cooper Standard. Defendants ceased production of the clevis links when Cooper Standard found another source for the links on or about July 26, 2007.

In 2008, Plaintiff lost the privilege of providing the mating mechanism to Cooper Standard. At that time, Plaintiff discovered that Tool Producers was no longer producing the clevis links and that Defendants had been providing stamped clevis links to Cooper Standard in violation of the Right to Have Made Agreement. Plaintiff brings this suit to enforce its patent rights against Defendants.

### III. LEGAL STANDARD

Summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Thompson v. Ashe*, 250 F.3d 399, 405 (6th Cir. 2001). The moving party bears the initial burden of demonstrating the absence of any genuine issue of material fact, and all inferences should be made in favor of the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

To support its motion, the moving party may show "that there is an absence of evidence to

---

[1] Defendant Cleveland Die of Mexico is a subsidiary of Cleveland Die. From this point forward in this Opinion and Order, the Court will reference "Defendants."

4

support the nonmoving party's case." *Id.* at 325. Although all inferences must be drawn in favor of the nonmoving party, this Court bears no obligation to imagine favorable facts where the nonmoving party has alleged none. The moving party must also set forth facts sufficient to establish its case: "[T]he mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient [to defeat a motion for summary judgment]; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

Summary judgment is generally inappropriate when "the non-movant is not afforded a sufficient opportunity for discovery." *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002) (quoting *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996)). In cases where a party alleges a need for further discovery, the non-movant bears the burden of informing the Court that additional discovery is required and "must file an affidavit pursuant to Fed. R. Civ. P. 56(f) that details the discovery needed, or file a motion for additional discovery." *Id.* If the non-movant makes such a showing, "the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Id.* (citing *White's Landing Fisheries v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994)).

## IV. PRELIMINARY MATTERS

### A. NOTICE OF OBJECTION

Defendants filed a document entitled, "Notice of Objection to Zmyslowski Declaration and Degrazia Affidavit" [dkt 31], which the Court construes as a motion to strike. In the Notice of Objection, Defendants first object to two paragraphs of the Zmyslowski Declaration, which was filed as an exhibit to one of Plaintiff's response briefs. Defendants contend that the paragraphs at issue contain inadmissible hearsay and that the information revealed therein was not disclosed in a timely

fashion.  The challenged paragraphs read as follows:

> 5.    I was assured by Standard Products if Tool Producers ever ceased to manufacture the stamped clevis link for Standard Products that Radar would be offered the opportunity to provide the stamped clevis link designed and developed at Radar.
>
> 6.    Based upon the representation of Standard Products, I decided not to pursue an action for patent infringement against either Standard Products or Tool Producers at that time.

The Court finds that rendering a decision in this matter does not require reference to these paragraphs.  Accordingly, the portions of the documents to which Defendants object are not necessary to the Court's decision in this matter and Defendants' motion is therefore moot.  *See, e.g.*, *Glasser ex rel. NLRB v. Heartland - Univ. of Livonia, MI, LLC*, No. 09-10721, 2009 U.S. Dist. LEXIS 30335, at *33 (E.D. Mich. Apr. 7, 2009) ("Because the Court relies only upon sections to which Heartland does not object, the motion to strike portions of the affidavit is moot.").  Therefore, Defendants' motion with respect to the Zmyslowski Declaration is DENIED without costs or fees to either party.  Defendants' objections are preserved in the event that Plaintiff seeks to introduce such information in impermissible ways.

Defendants further challenge the affidavit of Plaintiff's counsel, Gregory Degrazia, filed pursuant to Fed. R. Civ. P. 56(f).  Degrazia represents in his affidavit that Plaintiff requires additional time to conduct discovery.  Defendants criticize the manner in which Plaintiff has proceeded in discovery thus far, essentially arguing that Plaintiff has conducted no discovery for the past four months.  Pursuant to the Court's scheduling order of January 12, 2009, however, the parties have until August 20, 2009, to conduct discovery.  Defendants acknowledge in one of their motions for summary judgment that discovery in this matter is complicated by, among other factors, the

6

difficulty in locating "early documentation." Yet Defendants elected to file their dispositive motions prior to the close of discovery. That should not preclude Plaintiff's right to conduct discovery in the time period authorized by the Court's scheduling order. In his affidavit, Degrazia represents that, in his experience as a patent attorney, written discovery is critical to issues such as whether the alleged infringer had knowledge of the underlying patents. He further contends that Defendants have not provided sufficient responses to date. On account of these considerations, Degrazia states a need for further discovery. The Court finds that Degrazia's affidavit sufficiently details Plaintiff's need for further discovery. Accordingly, Defendants' motion with respect to the Degrazia Affidavit is DENIED without costs or fees to either party.

### B. MOTION TO STRIKE

The Court must address one final preliminary matter in the form of Plaintiff's motion to strike Defendants' reply briefs [dkt 33]. In its motion, Plaintiff argues that Defendants' reply briefs "exceed the well established limited scope for reply briefs by asserted [sic] new arguments and evidence not presented within their initial motions and briefs in support." Because the Court is denying Defendants' motion for summary judgment re: laches and Defendants' motion for partial summary judgment on Counts II and V, Plaintiff's motion to strike with respect to those motions is moot.

Regarding Defendants' motion for partial summary judgment (Counts IV–VI), Plaintiff alleges that Defendants make additional arguments and cite to additional cases to which Plaintiff "cannot properly respond." The Court has reviewed Defendants' reply brief and finds that it does not set forth new arguments not previously raised in their original motion. Rather, Defendants' reply brief properly addresses arguments raised in Plaintiff's responsive brief. Accordingly, Plaintiff's

7

motion to strike is DENIED.

## V.  ANALYSIS

### A.  MOTION FOR SUMMARY JUDGMENT RE: LACHES

Defendants argue that Plaintiff's suit is barred by the equitable doctrine of laches. Defendants maintain that they are entitled to a presumption of laches because Plaintiff knew or should have known about Defendants' alleged infringement, which began in June 2001.  Plaintiff responds that Defendants have not established a presumption of laches because Plaintiff only learned of Defendants' alleged infringement in 2008 and would have had no reason to know of the alleged infringement before that time.

In the legal context, "laches" references "the neglect or delay in bringing suit to remedy an alleged wrong, which taken together with the lapse of time and other circumstances, causes prejudice to the adverse party and operates as an equitable bar." *A.C. Aukerman Co. v. R.I. Chaides Constr. Co.*, 960 F.2d 1020, 1028–29 (Fed. Cir. 1992) (en banc).  Laches is a cognizable equitable defense to a claim for patent infringement under 35 U.S.C. § 282.  *Id.* at 1028.  The application of the defense of laches is vested in the "sound discretion of the district court." *Id.* at 1032.

Due to the nature of laches as an equitable remedy, the Court does not rely on mechanical rules for its application.  The defense, however, does require a defendant to establish two factual premises by a preponderance of the evidence: 1) the plaintiff delayed filing suit for an unreasonable and inexcusable length of time from the time the plaintiff knew or reasonably should have known of its claim against the defendant, and 2) the delay operated to the material prejudice or injury of the defendant. *Id.*  What constitutes an unreasonable length of time depends on the circumstances of each case.  *See, e.g.*, *Galliher v. Caldwell*, 145 U.S. 368, 373 (1892).  Constructive knowledge

8

imposes a duty of reasonable diligence on the patentee. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.*, 988 F.2d 1157, 1162 (Fed. Cir. 1993). A party may demonstrate either evidentiary or economic prejudice. The former may be established by "reason of a defendant's inability to present a full and fair defense on the merits due to the loss of records, the death of a witness, or the unreliability of memories of long past events, thereby undermining the court's ability to judge the facts." *Aukerman*, 960 F.2d at 1033. Economic prejudice, in contrast, "may arise where a defendant and possibly others will suffer the loss of monetary investments or incur damages which likely would have been prevented by earlier suit." *Id.*

There exists a rebuttable presumption of laches after six years elapse. *See, e.g.*, *Aukerman*, 960 F.2d at 1034–36. Therefore, "a prima facie defense of laches is made out upon proof by the accused infringer that the patentee delayed filing suit for six years after actual or constructive knowledge of the defendant's acts of alleged infringement." *Id.* at 1037. Upon the defendant establishing a six-year delay, the burden of proof shifts to the patentee. *Id.* The patentee "may offer proof directed to rebutting the laches factors. Such evidence may be directed to showing either that the patentee's delay was reasonable or that the defendant suffered no prejudice or both." *Id.* at 1038. The six-year presumption of laches "is a 'double bursting bubble' which the plaintiff punctures with introduction of evidence sufficient to raise a genuine dispute as to either delay or prejudice." *Hemstreet v. Computer Entry Sys. Corp.*, 972 F.2d 1290, 1293 (Fed. Cir. 1992).

Generally, the laches defense "is personal to the defendant." *Five Star Mfg. v. Ramp Lite Mfg., Inc.*, 44 F. Supp. 2d 1149, 1156 (D. Kan. 1999). As a result, "[a] party may not tack on the time of another party unless there is 'some formal transfer of the technology and goodwill of the accused product.'" *Id.* (quoting *R2 Med. Sys., Inc. v. Katecho, Inc.*, 931 F. Supp. 1397, 1412 (N.D.

9

Ill. 1996)).  Stated differently, "courts should limit tacking to cases 'where only the ownership of the defendant-business changes hands.'" *Id.*

Defendants contend that Plaintiff had or should have had notice as of 1996 when Tool Producers allegedly sent Plaintiff a letter indicating that Tool Producers' clevis links did not infringe on Plaintiff's patents.  Plaintiff contends that this "letter" was actually an internal memorandum for Tool Producers and denies that any of its representatives ever received such a letter.  Plaintiff represents that it did not learn that Defendants were infringing on its patents until 2008.  For purposes of this motion, the Court must resolve factual disputes in Plaintiff's favor.  In light of the rather significant factual disagreement about when Plaintiff should have known of Defendants' alleged infringement and the fact that discovery has not concluded, the Court finds that Defendants have not established that they are entitled to a presumption of laches.  Therefore, the Court finds that summary judgment is inappropriate on this issue.

### B.  MOTION FOR PARTIAL SUMMARY JUDGMENT (COUNTS IV–VI)

Defendants argue that the '810 Patent has an effective filing date of July 25, 1995.  Because the accused clevis link was sold as early as April 14, 1994, Defendants maintain that either the accused clevis links do not fall within the claims of the '810 Patent or the accused links do fall within the claims of the '810 Patent but invalidate the '810 Patent as prior art.  Defendants argue that, because one of those options must be true, summary judgment is appropriate, regardless of the fact that the period for discovery extends to August 20, 2009.

Plaintiff responds that a "correctable good faith clerical error occurred on the face of the '810 Patent by not reciting the fact that the application for the '810 Patent claimed priority to the '661 Patent."  Plaintiff has filed a certificate of correction with the PTO to correct the clerical error and

10

change the '810 Patent to reflect the proper priority date, which is allegedly February 16, 1993. Plaintiff asks that while its request is pending, Defendants' motion is premature and should be denied.  In the alternative, Plaintiff requests the Court to stay this action until the PTO makes a decision regarding the certificate of correction.

A patent is invalid if "the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States."  35 U.S.C. § 102(b).  In the event that a party errs on its patent application, including inaccurate dates or omissions of references to prior patents, the party may file a petition for a certificate of correction with the PTO:

> [The PTO] may . . . issue a certificate of correction, if the correction does not involve such changes in the patent as would constitute new matter or would require re-examination.  Such patent, together with the certificate, shall have the same effect and operation in law on the trial of actions for causes thereafter arising as if the same had been originally issued in such corrected form.

35 U.S.C. § 255.

The Federal Circuit has held, however, that a "certificate of correction is only effective for causes of action arising after it was issued."  *Southwest Software, Inc. v. Harlequin Inc.*, 226 F.3d 1280, 1294 (Fed. Cir. 2000).  Although the holding in *Southwest Software* pertained to 35 U.S.C. § 254, subsequent decisions have applied the holding to the section that is now before the Court, § 255.  *See, e.g.*, *Novo Indus. L.P. v. Micro Molds Corp.*, 350 F.3d 1348, 1356 (Fed. Cir. 2003) ("[Section 255] deal[s] only with the authority of the PTO to make prospectively effective corrections, and the PTO was given no authority to correct the claims retroactively."); *Elec. Planroom, Inc. v. McGraw-Hill Co., Inc.*, 135 F.Supp. 2d 805, 827 n.20 (E.D. Mich. 2001).

11

In this case, Tool Producers, Inc. first sold the clevis link on April 14, 1994, to Standard Products, which subsequently became Cooper Standard. Plaintiff filed its application for the '810 Patent on May 3, 1996, and the PTO issued the '810 Patent in 1997, with an effective date of July 25, 1995. Defendants allegedly infringed on Plaintiff's patents beginning in 2002. Plaintiff discovered Defendants' alleged infringement in 2008 and commenced this suit on May 31, 2008. Sometime thereafter, Plaintiff submitted a certificate of correction to the PTO seeking to amend the effective date of the '810 Patent. With respect to this issue, the fact that discovery is ongoing is immaterial because Plaintiff does not dispute that the clevis link was sold more than one year prior to its effective filing date and because the certificate of correction for which Plaintiff has applied would only have prospective application. Accordingly, Defendants' motion for partial summary judgment (Counts IV–VI) [dkt 18] is GRANTED.

### C. MOTION FOR PARTIAL SUMMARY JUDGMENT ON COUNTS II AND V

Defendants maintain that they were unaware of Plaintiff's '810 Patent prior to 2007 when they stopped manufacturing the clevis links. As a result, Defendants believe that they are entitled to summary judgment on Plaintiff's contributory-infringement claims. Plaintiff responds that the existence and extent of Defendants' knowledge of Plaintiff's patents presents a factual question thereby rendering summary judgment inappropriate.

Pursuant to the Court's January 12, 2009, scheduling order, the parties have until August 20, 2009, to conduct discovery. Plaintiff's attorney has filed an affidavit in which he states that Plaintiff requires this additional time to conduct discovery. As stated above, the Court finds Plaintiff's affidavit sufficient. Finally, Plaintiff disputes Defendants' contention that they were unaware of Plaintiff's patents. More specifically, Plaintiff argues that "someone at Cleveland Die knew or

12

should have known about the patents and the infringement." For these reasons, the Court is not inclined to grant summary judgment at this stage of the proceedings. Defendants' motion for partial summary judgment of Counts II and V is DENIED.

## VI. CONCLUSION

For the reasons set forth above, Defendants' "Notice of Objection to Zmyslowski Declaration and Degrazia Affidavit" [dkt 31] is HEREBY DENIED without costs or fees to either party.

IT IS FURTHER ORDERED that Plaintiff's motion to strike [dkt 33] is HEREBY DENIED without costs or fees to either party.

IT IS FURTHER ORDERED that Defendants' motion for summary judgment re: laches [dkt 17] is DENIED.

IT IS FURTHER ORDERED that Defendants' motion for partial summary judgment (Counts IV–VI) [dkt 18] is GRANTED.

IT IS FURTHER ORDERED that Defendants' motion for partial summary judgment on Counts II and V [dkt 19] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff                          
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated:  June 11, 2009

13

CERTIFICATE OF SERVICE


The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on June 11, 2009.


S/Marie E. Verlinde

Case Manager

(810) 984-3290

14