**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

RADAR INDUSTRIES, INC.,

    Plaintiff,

v.

Case No. 08-12338
Hon. Lawrence P. Zatkoff

CLEVELAND DIE &
MANUFACTURING COMPANY and
CLEVELAND DIE OF MEXICO,

    Defendants.
_____/

## **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

This matter comes before the Court on Plaintiff's motion for reconsideration [dkt 73]. In its motion, Plaintiff challenges the Court's January 15, 2010, Opinion and Order [dkt 72], in which the Court denied Plaintiff's motion for sanctions for discovery violations, to compel discovery and for extension of discovery [dkt 37] and Plaintiff's motion for leave to amend the complaint, to reinstate Counts IV and VI, and seeking additional sanctions against Defendant for concealment of evidence [dkt 41]. Pursuant to E.D. Mich. L.R. 7.1(g)(2), no response is permitted. The Court finds that the facts and legal arguments are adequately presented in Plaintiff's papers such that the decision process would not be significantly aided by oral argument. Therefore, pursuant to E.D. Mich. L.R. 7.1(e)(2), it is hereby ORDERED that the motion be resolved on the brief submitted. For the reasons set forth below, Plaintiff's motion for reconsideration [dkt 73] is DENIED.

Local Rule 7.1(g)(3) governs motions for reconsideration, stating that "the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication." E.D. Mich. L.R. 7.1(g)(3). The same subsection further states, "the movant must not only demonstrate a palpable defect by which the

court and the parties have been misled but also show that correcting the defect will result in a different disposition of the case." *Id.* A defect is palpable when it is obvious, clear, unmistakable, manifest, or plain. *Mktg. Displays, Inc. v. Traffix Devices, Inc.*, 971 F. Supp. 262, 278 (E.D. Mich. 1997).

In its motion for reconsideration, Plaintiff argues that the Court committed a palpable error when it held that Plaintiff delayed in filing a motion to compel discovery on the eve of the discovery deadline. As Plaintiff argued in its original motions, Plaintiff contends that it did not delay in filing the motion because it first learned that Defendant's responses to interrogatories were incomplete less than one month before the discovery deadline. However, the Court addressed this precise issue in its January 15, 2010, Opinion and Order, concluding that this information had been readily apparent to Plaintiffs since the outset of the litigation and that Plaintiff failed to show that it could not meet the original discovery deadline despite due diligence. Pursuant to Local Rule 7.1(g)(3), the Court will not grant motions for reconsideration that merely present the same issues previously ruled upon by the Court. Therefore, IT IS HEREBY ORDERED that Plaintiff's motion for reconsideration [dkt 73] is DENIED.

IT IS SO ORDERED.

S/Lawrence P. Zatkoff
LAWRENCE P. ZATKOFF
UNITED STATES DISTRICT JUDGE

Dated: February 11, 2010

CERTIFICATE OF SERVICE

      The undersigned certifies that a copy of this Order was served upon the attorneys of record by electronic or U.S. mail on February 11, 2010.

                                                   S/Marie E. Verlinde
                                                 Case Manager
                                                 (810) 984-3290